UNITED STATES, Appellee

v

STEPHEN C. WISMANN, Airman Basic, U. S. Air Force, Appellant

19 USCMA 554, 42 CMR 156

No. 22,727

July 10, 1970

*Major William H. Seckinger* argued the cause for Appellant, Accused. With him on the brief was *Colonel Bertram Jacobson.*

*Colonel James M. Bumgarner* argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

The accused pleaded guilty to two specifications alleging wrongful appropriation of the property of another, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The trial was before a military judge sitting without court members. On this appeal, the accused contends the military judge, Lieutenant Colonel W. C. Marsh, was disqualified from hearing the case because of his connection with the pretrial proceedings.

Judge Marsh's participation in the proceedings previous to reference of

554

the charges to trial was fully ventilated at trial. It appears that originally the accused was charged with larceny. In due course, the charges came before the Chief of Military Justice, 6100th Support Wing, the command exercising general court-martial jurisdiction over the accused. The Chief of Military Justice was Colonel Marsh. Colonel Marsh reviewed the charges and the Article 32 Report of Investigation. He also discussed some aspects of the case with Captain R. D. Throckmorton, who appeared at trial as defense counsel, and with the staff judge advocate of the special court-martial command. Colonel Marsh recommended reduction of each larceny charge to the lesser offense of wrongful appropriation and that the reduced charges be referred to a special court-martial, rather than a general court-martial, for trial. There is a suggestion that Colonel Marsh stood alone in these recommendations. In any event, the charges were reduced and were referred to a special court-martial. When informed that Colonel Marsh was military judge of that court-martial, the accused, as authorized by Article 16, Code, supra, 10 USC § 816, requested trial before only the military judge.

At trial, Colonel Marsh informed trial counsel and the accused and his counsel, Captain Throckmorton, of his previous connection with the case. After his recital of the matters noted above, he indicated he would answer "any questions" they might have if they desired to challenge him for cause. Defense counsel asked Judge Marsh whether he felt he could act fairly and impartially in regard to both the findings and the sentence, and Judge Marsh replied in the affirmative. Judge Marsh indicated he would not be "influenced" by any matters that had come to his attention "outside of this courtroom." Defense counsel and trial counsel noted they had no desire to challenge Judge Marsh for cause.

The accused entered a plea of guilty to the charges and adhered to the plea after Judge Marsh explained the elements of the offenses and the obliga-

tion of the Government to prove the charges beyond a reasonable doubt. During sentence proceedings, the parties stipulated to the admission in evidence of the Article 32 Report of Investigation as "correctly represent[ing] the facts and circumstances of this case." Judge Marsh sentenced the accused to a bad-conduct discharge, confinement at hard labor for four months, and forfeiture of $100.00 per month for the same period. He also recommended transfer of the accused to a retraining command. In the post-trial review by the supervisory court-martial authority, the staff judge advocate expressed "some misgivings" as to the possibility of the accused's rehabilitation, but he joined in Judge Marsh's recommendation for transfer to a retraining group, and the recommendation was accepted by the general court-martial authority.

In United States v Turner, 9 USCMA 124, 25 CMR 386 (1958), the defense counsel, as in this case, declined to challenge the law officer (now the military judge) for cause after full disclosure of the law officer's previous participation in the pretrial proceedings. We there said:

". . . In addition to specifically bringing the matter to defense counsel's attention, he was afforded an oportunity to exercise a challenge for cause against that law officer. Armed with this knowledge, he elected instead to waive any ground for challenge. Under these circumstances, we believe the 'intelligent and conscious waiver' required by us in United States v Beer, 6 USCMA 180, 19 CMR 306, has been met. Accord, United States v Hurt, 8 USCMA 224, 24 CMR 34; cf. United States v Wilson, 7 USCMA 656, 23 CMR 120. Accordingly, we conclude that although ground for challenge against the law officer existed by reason of his having acted as staff legal officer in advising the convening authority pursuant to Article 34, supra, such ground was waived by the defense counsel's refusal to challenge after full dis-

closure was made in open court." [*Id.*, pages 127–128.]

No risk of prejudice as to the findings of guilty appears since the original charges were reduced, as recommended by Judge Marsh, and the accused pleaded guilty to those charges. United States v McBride, 6 USCMA 430, 20 CMR 146 (1955). Nor is there any fair risk as to the sentence. The material which Judge Marsh reviewed before trial was admitted into evidence at trial; and Judge Marsh specifically indicated he would disregard any other information he had learned about the accused from "outside of this courtroom." The judge's recommendation for retraining, which was later opposed by the accused's unit commander, his first sergeant, the special court-martial convening authority, and the clemency investigating officer, demonstrates that whatever he knew about the accused from his pretrial participation was not so adverse as to influence his judgment to the detriment of the accused. Cf. United States v Deain, 5 USCMA 44, 17 CMR 44 (1954).

The record of trial compels the conclusion that no good cause exists to set aside either the findings of guilty or the sentence. Accordingly, the decision of the United States Air Force Court of Military Review is affirmed.

Judges FERGUSON and DARDEN concur.