UNITED STATES, Appellee

v

JOE EMANUEL LOPEZ, Private First Class,
U. S. Marine Corps, Appellant

20 USCMA 76, 42 CMR 268

No. 22,780

August 28, 1970

*Lieutenant Peter M. Frank*, JAGC, USNR, argued the cause for Appellant, Accused.

*Captain John J. Reilly*, USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

## Opinion of the Court

DARDEN, Judge:

A barracks interchange between friends that began in jest but ended in the wounding of one caused the appellant to be charged with the attempted murder of a fellow Marine. Pursuant to a plea of guilty, a general court-martial has convicted Lopez of this charge. His sentence, reduced during the appellate process, now consists of a bad-conduct discharge, total forfei- tures, and confinement at hard labor for eighteen months. Before this Court the appellant repeats his con- tinuing claim that he was deprived of an impartial Article 32 investigation.

Captain Ward, the investigating of- ficer in this case, had been relieved from active duty before trial. He did not testify during this proceeding. We nonetheless gather from the rec- ord that immediately before his ap-

pointment as the Article 32 investigating officer his primary duty was that of being the legal officer for the Marine Corps Service Support Schools, Camp Lejeune, North Carolina. He was not legally trained, however. It also appears that before acting as the Article 32 investigating officer in this case he had conducted some form of inquiry into the appellant's involvement in the incident that was the subject of trial. Both trial and defense counsel agreed that on one occasion the Captain had gone to the base legal office and had related some of the information later brought forth during the Article 32 investigation of the charge. Lawyers then in the legal office suggested at that time the formulation of a charge ranging from attempted murder to merely "horsing around." Trial counsel conceded that Captain Ward, in his capacity as legal officer for the Support Schools, was "somewhat responsible" for the drawing of the charge and its specification. Trial defense counsel believed that a new "impartial" Article 32 investigation was merited. See Article 32(a), Uniform Code of Military Justice, 10 USC § 832; paragraph 34, Manual for Courts-Martial, United States, 1969 (Revised edition).

Appellate counsel for Lopez now argues that Captain Ward's conduct before the Article 32 investigation "disrobed [him] of any impartiality" and made him a *de facto* accuser. Counsel suggests that although Ward's earlier participation may not have influenced his investigation, the appearance of evil is unacceptable. Like a law officer who assists in ▮▮▮ the drafting of charges, a convening authority who judges the credibility of a Government witness before trial, and a pretrial investigating officer who had "previously assisted in gathering evidence," an Article 32 investigating officer who has previously had a role in inquiring into an offense is disqualified. Cf. United States v Renton, 8 USCMA 697, 25 CMR 201 (1958); United States v Marks, 19 USCMA 389, 41 CMR 389 (1970); and United States

v Parker, 6 USCMA 75, 19 CMR 201 (1955). Appellate contention continues that proper investigation could have resulted in a lesser charge with a lower maximum sentence and in a more beneficial pretrial agreement.

Counsel for the Government maintain that the Article 32 investigation conducted in this instance was thorough and impartial.

The verbatim Article 32 record reveals that Captain Ward opened the proceeding with a disclosure of his past participation. Defense counsel at that time reserved any possible objection until a later date. Near the end of the hearing the investigating officer inquired of counsel if the latter intended to exercise his right to question the "competency of the proceedings." Counsel responded with a series of questions designed to clarify the investigating officer's previous association with the case. Captain Ward's answers apparently satisfied his questioner, for the issue was pursued no further. We believe that acceptance of the investigating officer at the Article 32 investigation after this full disclosure precludes the appellant, represented by the same defense counsel, from challenging the objectivity of the Article 32 transactions at his court-martial. United States v Wisman, 19 USCMA 554, 42 CMR 156 (1970).

Regardless, Article 32(d), Uniform Code of Military Justice, 10 USC § 832, provides:

"The requirements of this article are binding on all persons administering this chapter but failure to follow them does not constitute jurisdictional error."

Defects in preliminary hearings are to be measured by the test of specific prejudice. United States v Cunningham, 12 USCMA 402, 30 CMR 402 (1961). A voluntary plea of guilty on the advice of counsel waives important constitutional rights, including the ones of confronting accusers and of invoking

the privilege against self-incrimination. Boykin v Alabama, 395 US 238, 23 L Ed 2d 274, 89 S Ct 1709 (1969); McCarthy v United States, 394 US 459, 22 L Ed 2d 418, 89 S Ct 1166 (1969). Such a plea waives all nonjurisdictional defects in all earlier stages of the proceedings against an accused. Brown v Beto, 377 F2d 950 (CA5th Cir) (1967); Askew v State of Alabama, 398 F2d 825 (CA5th Cir) (1968); Scott v United States, 231 F Supp 360 (D NJ) (1964), affirmed, 342 F2d 813 (CA3d Cir) (1965); Busby v Holman, 356 F2d 75 (CA5th Cir) (1966); Glenn v McMann, 349 F2d 1018 (CA2d Cir) (1965), certiorari denied, 383 US 915, 15 L Ed 2d 669, 86 S Ct 906 (1966).

In this case the voluntariness and the providency of Lopez's guilty plea are unchallenged and he is precluded from challenging at this stage the regularity of the Article 32 investigation. We accordingly affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

I agree with my brothers that the accused's conviction may be affirmed but I disassociate myself from the avenue by which they reach that result.

While defects in preliminary hearings are to be measured by the test of specific prejudice (United States v Cunningham, 12 USCMA 402, 30 CMR 402 (1961)), their presence in the record of trial many times reflects either neglect on the part of trial lawyers or a belief that failure to follow procedural rules and statutory provisions cannot affect due process of law. Either of these two views indicates a breakdown in the system of military justice and places the burden on appellate courts to render an *ad hoc* decision in a particular case. This is highly unsatisfactory and would be totally unnecessary if there were a higher regard for these important rules.

Care should be exercised by both the trial court and counsel to assure that cases having such defects do not reach this Court, for, in many instances, the sentence to confinement has already been served before the appeal reaches this level making it virtually impossible to accord an accused any meaningful relief. This case is a good example for here the accused stands convicted of attempted murder, and was sentenced to serve five years confinement at hard labor, for an activity classified by some lawyers in the base legal office as merely "horsing around." One member of the United States Navy Court of Military Review believed that at most the charge should have alleged a violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, aggravated assault in which grievous bodily harm is intentionally inflicted. His sentence has been reduced to eighteen months[1] and is now almost served.

Were it not for the specific acceptance, by defense counsel, of Captain Ward as the Article 32 investigating officer, after full disclosure of Captain Ward's previous connection with the case (United States v Wismann, 19 USCMA 554, 42 CMR 156 (1970)), I would find prejudice to this accused.

---

[1] Sentence was adjudged May 14, 1969.