### UNITED STATES

v.

**Private (E-1) Lee Andrew REED, 553–98–1096, United States Army, United States Army Non-commissioned Officers Academy, Hawaii, APO San Francisco 96225.**

**CM 431669.**

U. S. Army Court of Military Review.

Sentence Adjudged 29 Jan. 1974.

Decided 15 Sept. 1976.

Appellate Counsel for the Accused: Eric A. Seitz, Esquire; CPT Steven J. McAuliffe, JAGC; CPT Sammy S. Knight, JAGC; COL Victor A. DeFiori, JAGC.

Appellate Counsel for the United States: CPT William A. Poore, JAGC; CPT John R. Erck, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

BAILEY, Senior Judge:

The appellant was tried by a general court-martial with members for the offense of aggravated assault in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. Consistent with his plea, the appellant was found guilty and sentenced to be discharged from the service with a bad-conduct discharge, to be confined at hard labor for one year, and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority reduced the confinement portion of the sentence to ten months, but otherwise approved the sentence.

Among other errors assigned, appellate defense counsel contend:

> APPELLANT WAS NOT TRIED BY A COURT WITH AN IMPARTIAL MILITARY JUDGE.

The operational facts pertinent to this assignment of error are substantially as follows. At the initial Article 39(a) session the appellant's individual civilian defense counsel conducted an extensive *voir dire,* the scope of which was directed to such matters as: whether the military judge considered Federal statutes binding upon court-martial proceedings; whether he would recognize

and adhere to Supreme Court decisions; and whether the military judge's personal feelings towards counsel would effect his decision in the instant case. The military judge assured the defense counsel that he would have no hesitancy to rule in the accused's favor if the law so provided. In denying the challenge for cause, the military judge made the following statement for the record:

"Well, before I rule on the challenge, I would like to state for the record that I have no information concerning the facts of this case against Private Reed whatsoever. The only material I have is the Specification and the Charge and the material provided to me by the defense attorney on motion. I have no bias whatsoever against Private Reed. I have never seen him before so far as I know. I have no bias whatsoever against Mr. S . . . . . I have no bias whatsoever against Captain O'Brien. The challenge for cause is denied."

After arraignment of the accused, defense counsel moved for disclosure of all illegal surveillance, pursuant to Title 18, United States Code, Section 3504. Testimony elicited pertinent to that motion indicated that individual civilian counsel was affiliated in some manner with an organization referred to as "Liberated Barracks." Upon inquiry by the military judge, individual civilian counsel stated that he lived and maintained his business office at the "Liberated Barracks," and that he was a lawyer for that organization. At the conclusion of the proceedings and after a trial date had been set, Private First Class Ronnie L. Cook was called as a witness by the court. The purpose of calling this witness, as it developed, was to introduce a leaflet as Appellate Exhibit V. According to the witness, the leaflet was inside a copy of the Liberated Barracks, a newspaper published and passed around to GI's. In relating the significance of the document, the military judge noted initially an item thereon which, in part, stated "For Legal Help," and which further invited attention to two addresses, one of which was "124–A Oneawa Street, Kaula." Since this address was the same as individual civilian counsel's office, the military judge remarked:

"Now, Mr. S . . . ., there are two points pertaining to this document. The first point is that the document appears on its face to indicate that there is a possibility that you receive your cases through solicitation, and this court, of course, must determine on the record whether this is so or not so. I have no idea whether it is or is not."

The military judge also noted that the leaflet referred to the trial judge in the case of *United States v. Walker* (a case which involved the same military judge and individual civilian defense counsel), as a "RACIST, INCOMPETENT JUDGE WHO DIDN'T EVEN TRY TO BE FAIR." He then stated:

"I am sure you are aware of Disciplinary Rule 8–102 of the Code of Professional Responsibility dealing with comments of counsel as officers of the court against judges before whom they serve. I have no idea whether you had anything to do with this document or not, but it does raise some inferences, so I wanted to give you the opportunity to reply to the document which is all I have."

The respective parties agreed to a fact finding hearing, which was subsequently conducted on 29 January 1974. At the outset, the military judge noted that the proceeding was being conducted pursuant to paragraph 43, Manual for Courts-Martial, United States, 1969 (Revised edition),[1] and

---

1. Paragraph 43, MCM 1969 (Rev.), provides in part:

"Rules defining professional or personal misconduct, or other reasonable grounds, which *disqualify* a person, either temporarily or indefinitely, from acting as counsel before courts-martial may be announced by the Judge Advocates General of the armed forces in appropriate regulations. These regulations shall provide for notice and opportunity to be heard and will also establish procedures to provide for the suspension of persons from acting as counsel before courts-martial. Appropriate action may be taken by a convening authority, in accordance with the regulations, to recommend suspension of the per-

paragraph 4–3 of AR 27–10 (26 November 1968).[2]

After hearing all relevant testimony as well as defense counsel's disavowals, the military judge in presenting his findings, in pertinent part, stated:

"All right, now, I think that there is no question that it was established very clearly that Mr. S . . . . has not, certainly, solicited this client or done anything improper with respect to this case.

\*   \*   \*   \*   \*   \*

All right, then it seems to me that all the issues that have been raised are certainly satisfactorily resolved and that there is no evidence before the court to indicate any type of misconduct or improper conduct on the part of Mr. S%7(5)27 As far as I am concerned, the matter is closed."

Immediately thereafter defense counsel again challenged the military judge for cause. He, in substance, argued that the inclusion of matters relating to the hearing in the record of trial would prohibit a fair and impartial review at the appellate level, and that the proceeding itself would reflect the "appearance" of actual prejudice on the part of the military judge. In, again, denying the challenge for cause, the military judge stated:

"The challenge for cause is denied. Now, with respect to your claim of bias against you, sir, I have no bias against you in any way. My observations of your performance in trials is that you are a very competent defense attorney, and I believe you represent your clients wholeheartedly and in the best of the American tradition. The question of whether or not you were advertising was completely separate and apart from whether or not you are competent as an attorney. Very competent,

in fact, the most competent attorneys may advertise, and such conduct violates the Code of Professional Responsibility."

At this level, appellate defense counsel, in substance, contend, that the appellant was faced with a military judge who very probably harbored strong feelings of dislike for appellant's chosen civilian counsel and who may well have expressed those feelings in rulings unfavorable to the appellant. In such circumstances, their argument continues, the appellant's doubts concerning the legality, fairness, and impartiality of his trial were well founded, and that the challenge should have been sustained.

Appellate counsel for the Government contend that the record of trial contains no instance in which the military judge acted other than in an impartial, judicial manner, and that he consistently disclaimed any predilections in the case or other basis of disqualification.

Article 41, Code, *supra,* provides in pertinent part:

"The military judge . . . may be challenged by the accused or the trial counsel for cause stated to the court. The military judge . . . shall determine the relevancy and validity of challenges . . . ."

■ A challenge for cause is addressed to the sound discretion of the military judge, and his ruling will not be disturbed on appeal unless there has been an abuse of that discretion. While he should be liberal in passing on challenges, he need not sustain a challenge upon the mere assertion of the challenger. The burden of maintaining the challenge rests on the challenging party. Manual, *supra,* paragraph 62*h*; *United States v. Talbott,* 12 U.S.C.M.A. 446, 31

---

son affected from practice as counsel before courts-martial of the armed force concerned. . . ."

2. Paragraph 4–3, AR 27–10, provides in pertinent part as follows:

"4–3. *Action to suspend* . . .
b. *By a court-martial.* The military judge or court-martial without a military judge may determine initially and upon his or its own motion whether a person is qualified to act

as counsel before the court-martial in a particular case. If counsel is guilty of misconduct, the military judge . . . may admonish him and, if the misconduct is contemptuous, the court-martial may punish him (UCMJ, Article 48, MCM, 1969 para 118). If admonition or punishment is inappropriate or fails to achieve the desired standard of behavior, the court should adjourn and report the facts to the convening authority."

C.M.R. 32 (1961); *United States v. Russell,* 43 C.M.R. 807 (A.C.M.R.1971). Indeed, a judge "has as much an obligation not to recuse himself where there is no occasion to do so as there is to recuse himself when such occasion exists." *United States v. Hoffa,* 382 F.2d 856 (6th Cir. 1967), *cert. denied* 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984 (1968); *Walker v. Bishop,* 408 F.2d 1378 (8th Cir. 1969).

■ It is well established that an accused is entitled to a trial in which the military judge and members have a fair and open mind. *United States v. Dean,* 5 U.S. C.M.A. 44, 17 C.M.R. 44 (1954). However, previous participation in a case, prior knowledge of the facts or parties, or acquaintance with the witnesses is not necessarily disqualifying. *United States v. Wismann,* 19 U.S.C.M.A. 554, 42 C.M.R. 156 (1970); *United States v. Broy,* 15 U.S.C. M.A. 382, 35 C.M.R. 354 (1965); *United States v. Russell, supra.* The general basis for recusation in military as well as in civilian courts is personal bias rather than previous exposure to the same issues. *United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973). Of some applicability in this setting is what was said in *United States v. Howe,* 17 U.S.C.M.A. 165, 37 C.M.R. 429 (1967):

"There being no controlling provision in the Uniform Code of Military Justice or in the Manual for Courts-Martial, we have, in prior instances where such allegations are made, turned to civil statutes for guidelines, particularly 28 U.S.C. §§ 47, 144, and 455. *United States v. Hurt,* 9 U.S.C.M.A. 735, 27 C.M.R. 3. Section 144, supra, is pertinent for it provides for disqualification because of 'personal bias or prejudice.' "

"Construing section 144, it has been held that if the affidavit complies with the statutory standards, 'the judge has no alternative but to recuse himself, no matter how defamatory the charges may be and even if they are known to the Court to be false.' Conversely, 'if the statutory requirements are not satisfied, it is the duty of the judge to refuse to disqualify

himself. . . . Thus, the mere filing of an affidavit of prejudice does not automatically disqualify a judge, . . . but the judge must pass upon the legal sufficiency of the facts well-pleaded.' *United States v. Hanrahan,* 248 F.Supp. 471, 475 (D.C.D.C.) (1965)."

"Thereafter, the test to be applied, accepting the affidavit at face value, is 'whether these facts would fairly convince a sane and reasonable mind that the judge does, in fact, harbor the personal bias or prejudice contemplated by the statute.' *Id.,* at page 475."

In *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966), the following observation was made:

"The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." [Citations omitted.]

In *Lyons v. United States,* 325 F.2d 370, 376 (9th Cir. 1963), the court held:

". . . The section [28 U.S.C. § 144] is directed to personal bias, which means an attitude of extrajudicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section." [Citations omitted.]

While personal prejudice on the part of a judge against a party to the litigation is generally regarded as sufficient cause for a change of the judge, a judge's feelings of animosity toward counsel for the litigant has not always been recognized as a ground for recusation. Many courts have taken the apparent view that bias, not directed toward the litigant himself, cannot be presumed to affect the judge's impartiality. *Plaquemines Parish School Board et al. v. United States,* 415 F.2d 817 (5th Cir. 1969); *Rosen v. Sugarman,* 357 F.2d 794 (2d Cir. 1966); *Investors Thrift Corporation v. Sexton,* 347 F.Supp. 1207 (D.C.W.D.Ark.1972); *Fleischer v. A.A.P., Inc.,* 180 F.Supp. 717 (D.C.S.D.N.Y.1959); *State v. Storms et al.,* 112 R.I. 454, 311 A.2d 567 (1973); *Shakin v. Board of Medical Examiners,* 254 Cal.

App.2d 102, 62 Cal.Rptr. 274 (1967), appeal dismissed and *cert. denied* 390 U.S. 410, 88 S.Ct. 1112, 19 L.Ed.2d 1272 (1968).

In the instant case individual civilian defense counsel's challenge for cause was premised upon paragraph 62*f*(13) of the Manual for Courts-Martial, United States, 1969 (Revised edition), which provides, *inter alia,* for challenges based upon:

> "Any other facts indicating that he should not sit as a member or military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality. . . ."

Thus the critical question presented is whether matters presented at the trial below were such that, "in the interest of having the trial . . . free from substantial doubt as to legality, fairness, and impartiality", the military judge should have granted the challenge for cause.

The challenge for cause as initially asserted at the trial below was based upon the proposition that, because of clashes which had occurred between the military judge and the appellant's civilian counsel in other unrelated cases, the military judge was potentially hostile towards civilian counsel, which, in turn, presented a fair risk of bias and prejudice toward the appellant.

■ The real test by which a challenge is measured is whether the member or military judge is mentally free to render an impartial finding and sentence based on the law and evidence. In determining whether the military judge is so mentally free, considerable weight must be given his disclaimer of bias or prejudgment, as he is, after all, sworn to faithfully and impartially perform his duties, *United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973). Additionally, because of his professional training and experience, a military judge is presumed to be capable of ignoring irrelevant matters and to base his judicial determinations solely on competent evidence properly admitted. *United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).

■ In the instant case, the military judge, while acknowledging that clashes of opinion and heated discussions with civilian counsel had occurred in other judicial proceedings, disclaimed any bias or prejudice toward either civilian counsel or his client. While undoubtedly some friction had developed during other trial proceedings between the military judge and the appellant's civilian counsel, this in itself is grossly insufficient to show the quality of prejudice necessary before a motion to recuse or challenge for cause should be granted. *Plaquemines Parish School Board et al. v. United States, supra.* For, as was noted in *Shakin v. Board of Medical Examiners, supra* :

> ". . . Nor can we so far impeach the sense of fairness and justice which it is presumed rests in the conscience of every judge as to say that, because the attorney incorporated distasteful and even scandalous matter in a brief reflecting upon the judge, therefore the judge would punish the offense by mulcting the innocent client. If we must presume bias and prejudice toward the client because of ill-feeling toward the attorney, it would establish a dangerous rule, by which the attorney, through his own fault could have his case transferred to another judge by quarreling with the court. We prefer to believe that a judge may, with or without cause, cordially dislike and even distrust an attorney, and yet be capable of doing exact justice toward his client." (*Id.,* 62 Cal.Rptr. 287).

In light of the foregoing, we hold that the initial challenge for cause was properly denied.

As earlier noted, the challenge for cause was reasserted, following the military judge's inquiry into possible unethical conduct on the part of appellant's civilian counsel, which stemmed from an item in a publication identified as the "Liberated Barracks." The defense argued that the inclusion of such matter in the record of trial would prohibit a fair and impartial review at the appellate level, and the proceeding itself would reflect the appearance of actual prejudice on the part of the military judge.

A judge's overt concern regarding the ethical conduct of a member of the court, standing alone, does not mean that he has a "personal bias or prejudice," by reason of which he is unable to impartially exercise his functions in the particular case. There well may be differences of opinion as to the propriety of using the trial forum for the purpose of conducting an inquiry into the ethical conduct of counsel representing one of the parties to the proceedings. Here, however, a review of the record discloses, that the inquiry was conducted in an atmosphere of mutual respect and cordiality out of the presence of the members of the court. More importantly, the record shows that the military judge concluded that the issues raised had been satisfactorily resolved and that there was no evidence before the court which indicated any type of misconduct or improper conduct on the part of counsel. Further, in denying the challenge for cause, as reasserted, the military judge reiterated his earlier disclaimer of any bias or prejudice against appellant's civilian counsel, and noted that he was a very able defense attorney who represented his "clients wholeheartedly and in the best American traditions." Against this backdrop, it could be persuasively argued that, the military judge's inquiry, rather than accommodating an inference of judicial partiality, served to establish that he was able to impartially exercise his functions in the proceedings and base his judicial determinations solely on competent evidence properly before the court. Additionally, we find no merit in the defense's claim that the inclusion of matters relating to the inquiry in the record would prohibit a fair and impartial review at the appellate level. We, therefore, hold that the challenge for cause, as reasserted, was also properly denied.

In sum, the determinations made by the military judge, as reflected in his election not to recuse himself, his denial of the challenges for cause, and his denial of *several* defense asserted motions, do not compel the conclusion that he had a personal bias or prejudice against either the appellant or his civilian counsel. For, as it has aptly been said: "Rulings and findings made by a judge in the course of a judicial proceeding are not in themselves sufficient reasons to believe that the judge has a personal bias or prejudice for or against a party." *United States v. Amick,* 439 F.2d 351, 369 (7th Cir. 1971). Further, from a fair reading of the record of trial there emerges the distinct impression that the military judge endeavored to maintain an impartial and scrupulously fair attitude throughout the trial.

A few general observations, bearing upon the legality, fairness, and impartiality of the trial, warrant noting here. Examination of the record of trial discloses, that the appellant, in addition to electing to be tried by a court with members, pleaded guilty to the charge and specification and persisted therein after appropriate inquiry and explanation by the military judge as required by *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Against a background of this plea, it may be said that a consideration of the situation confronting the court-martial, together with the record of trial and the law of this phase of the case, discloses no suggestion whatsoever of prejudice of any nature or degree as to the findings in the case. The sentence, as adjudged by the court, which extended to a bad-conduct discharge, confinement at hard labor for one year and accessory penalties, does not occasion pause as to legality, fairness, and impartiality when weighed against the rather severe offense (aggravated assault with a broken bottle) of which the appellant, pursuant to his plea, was found guilty.

The remaining assignments of error have been considered and found to be without merit.

The findings of guilty and the approved sentence are affirmed.

Judge COOK concurs.

Judge MOUNTS absent.