UNITED STATES

v.

**Waites Earl WILLIAMS, 061 48 0974, Hospitalman Apprentice (E–2), U. S. Navy.**

**NCM 76 1400.**

U. S. Navy Court of Military Review.

18 Nov. 1976.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

CAPT Mark M. Humble, USMCR, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

MALLERY, Judge:

After initially pleading not guilty, appellant changed his pleas to guilty after the presentation of the prosecution case in his general court-martial with members. He was convicted of possession of seconal, marijuana, mescaline, and LSD; attempted sale of mescaline; and willfully suffering the wrongful disposition of military property of the United States. He was sentenced to a bad conduct discharge, confinement at hard labor for 1 year, forfeiture of all pay and allowances, and reduction to pay grade E–1. The convening authority approved the findings and only so much of the sentence as provides for the discharge, the forfeitures, the reduction, and confinement at hard labor for 6 months.

Appellant assigns the following errors:
I. APPELLANT WAS DENIED A SPEEDY TRIAL.
II. APPELLANT WAS DENIED A THOROUGH AND IMPARTIAL INVESTIGATION OF ALL CHARGES AS REQUIRED BY ARTICLE 32, UNIFORM CODE OF MILITARY JUSTICE.

I.

Appellant was placed in pretrial confinement on 7 November 1975. On 28 January 1976, 82 days later, the first Article 39(a), 10 U.S.C. § 839(a) session was held in his case. On that date, the trial counsel stated that he was ready to proceed with the trial and requested that the appellant be arraigned. However, the detailed military defense counsel indicated that appellant had retained a civilian defense counsel who would not be available until 12 February 1976. In effect, the military defense counsel requested a continuance until that latter date. The military judge granted the continuance but did not arraign appellant. Additional Article 39(a) sessions were conducted on 29 January and 12 February. Finally, on 13 February 1976, 98 days after the commencement of his pretrial confinement, appellant was arraigned. On 20 February 1976, 105 days after appellant was placed in pretrial confinement, he was found guilty and sentenced. Appellant argues that the period of pretrial confinement which gives rise to the presumption mandated in *United States v. Burton*, 21 U.S.C. M.A. 112, 44 C.M.R. 166 (1971), did not end until that latter date. We disagree.

*United States v. Burton, supra,* held as follows: "For offenses occurring after the date of this opinion [17 December 1971] . . . in the absence of defense requests for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months." *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973), specified some of the circumstances that would serve to rebut the presumption of denial of an accused's right to a speedy trial and translated the 3-month period of pretrial confinement required to give rise to the presumption into a 90-day period. At this point, it was still somewhat uncertain as to exactly what kind of event would have to take place in order to terminate the period of "pretrial" confinement. In *United States v. Marell*, 23 U.S.C.M.A. 240, 49 C.M.R. 373 (1974), the Court of Military Appeals held that conducting an Article 39(a) session at which a plea of guilty was accepted and a finding of guilty was entered constituted being brought to trial, thus ending "pretrial" confinement for purposes of the BURTON presumption. In *United States v. Beach*, 23 U.S.C.M.A. 480, 50 C.M.R. 560, 1 M.J. 118 (1975), our judicial superiors overturned a conviction by applying the BURTON presumption even though an Article 39(a) session had been conducted within the 90-day period but without arraigning the accused. We must infer that not just any Article 39(a) session will serve to toll the government's accountability for pretrial confinement.

In this case, at the very first Article 39(a) session on 28 January 1976, the trial counsel stated for the record that the government was ready to try appellant and requested that he be arraigned. There is no evidence to rebut the statement that the government was ready to proceed. Therefore, we must infer that it was, in fact, ready. The appellant could have been ar-

raigned at that time. However, the trial military judge, apparently in an effort to be scrupulously fair to appellant, delayed arraigning him until he had secured the presence of his civilian defense counsel. Whenever an Article 39(a) session is conducted, if the government is ready to proceed to trial but the arraignment of the accused is delayed for the benefit of the accused, we hold that pretrial confinement for purposes of the BURTON rule is thereby terminated. We find that the entire delay, after 28 January 1976, in bringing the appellant to trial was at the request of appellant and for his benefit. Thus, appellant's pretrial confinement for purposes of the BURTON presumption ended on 28 January 1976, 82 days after appellant was placed in pretrial confinement. Accordingly, the BURTON rule does not apply and Assignment of Error I is without merit.

## II.

We have carefully studied all the circumstances connected with the conducting of the Article 32 investigation in this case and are convinced that the appellant was not denied his right to a thorough and impartial investigation of the charges. However, even if he had been denied such a right, his guilty pleas to all charges would waive such a nonjurisdictional defect. *United States v. Lopez*, 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970); *United States v. Pounds*, 50 C.M.R. 441 (A.F.C.M.R.1975); *pet. den.*, 50 C.M.R. 904. Assignment of Error II is without merit.

Accordingly, the findings and sentence, as approved below, are affirmed.

Judge GREGORY concurs. Senior Judge MURRAY absent/concurs.