UNITED STATES

v.

**Airman First Class Charles D. NATALELLO, FR 134–48–5549 United States Air Force.**

**ACM 22611.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 May 1979.

Decided 14 Aug. 1980.

Appellate Counsel for the Accused: Mr. Donald A. Timm, Seoul 100, Korea. Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Colonel Merton F. Filkins.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

Tried by general court–martial for conspiracy to commit larceny, larceny, black-marketing, making false official statements, and the transfer and sale of marijuana, violations of Articles 81, 121, 91 and 134, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 891 and 934, the accused was found not guilty of making false official statements and the transfer and sale of marijuana, but guilty of the remaining specifications. He was sentenced to a bad conduct discharge, confinement at hard labor for two years, forfeiture of $276.00 per month for 24 months, and reduction to airman basic.

The accused's civilian defense counsel contends that the Article 32 investigating officer was disqualified. Counsel's contention arose from the fact that the investigating officer had previously investigated the related case of Sergeant Brown and had expressed an opinion during that investigation that the accused also was guilty of the offense charged.

Sergeant Brown was charged with conspiring with the accused and several Korean

nationals to steal runway matting and the thefts of runway matting. Although neither Airman Natalello nor his counsel were present during Sergeant Brown's investigation, the investigating officer's report contained the following statement as to the thefts and the conspiracy:

> The involvement of Airman Natalello in the agreement may likewise be inferred from his actions. The evidence establishes that on the 9th and 11th of November, he took over the accused's [Brown's] responsibilities in guarding and directing the Korean nationals in stealing the aluminum matting. His involvement in the highly organized theft on the 9th which followed the exact modus operandi of the two previous thefts in which the accused was involved, was only five days after the second theft incident.

Several days later, the same investigating officer began an investigation of identical charges, inter alia, as to Airman Natalello. Defense counsel objected to the officer's qualifications in that he had previously had a role in the investigation of the charges and had already expressed an opinion as to the accused's guilt. The investigating officer disclaimed any partiality and refused to recuse himself. At trial, defense counsel, for the same reason, moved for appropriate relief in the form of a new Article 32 investigation but his motion was denied by the military judge.

An accused has a right to a "thorough and impartial investigation" of all charges referred to a general court–martial. Article 32(a), Code, *supra.* To insure this impartiality the courts have held that an Article 32 investigating officer who has previously had a role in inquiring into the of-

fense to be investigated is disqualified. *United States v. Lopez*, 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970). In that regard officers who were involved in the police investigation or acted as the accuser have been held to be disqualified. *United States v. Lopez, supra; United States v. Cunningham*, 12 U.S.C.M.A. 402, 30 C.M.R. 402 (1961). Legal officers who investigated the offense in order to perfect charges and those who conducted related Article 32 investigations have also been disqualified. *United States v. Parker*, 6 U.S.C.M.A. 75, 19 C.M.R. 201 (1955); *United States v. Schreiber*, 16 C.M.R. 639 (A.F.B.R.1954).

■ Having recognized these errors, the court in each situation then found it necessary, absent a waiver,[1] to test for specific prejudice to the accused.[2] If there was specific harm to the accused resulting from the disqualification, the court was obligated to set aside the findings and sentence and afford the accused a new Article 32 investigation. *United States v. Lopez, United States v. Cunningham* and *United States v. Schreiber*, all *supra.*

■ We believe it is impossible for the Article 32 investigator in this case to provide the impartiality required under the *Code.* We have considered his disclaimer of prior partiality but are unable to give it full credit in light of his earlier findings. While as with the military judge,[3] mere exposure to a related case may not necessarily be disqualifying, his prior conclusions *drawn* and *expressed* about the accused's culpability impairs his consideration of the evidence offered at the accused's investigation and requires his disqualification. Even the disciplined judicial mind should not be subject

---

1. *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975) and *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958).

2. If the accused is deprived of a substantial pretrial right, as when he is not provided qualified counsel or when the officer ordering the investigation is not authorized to do so, he is, on timely objection, entitled to judicial enforcement of his right, without regard to a showing

of specific prejudice. *United States v. Donaldson* and *United States v. Mickel*, both *supra.* Also see *United States v. Payne*, 3 M.J. 354 (C.M.A.1977), where misconduct of investigating officer in obtaining legal advice from trial counsel raises a presumption of prejudice which can be overcome by clear and convincing evidence.

3. *United States v. Hodges*, 22 U.S.C.M.A. 506, 47 C.M.R. 923 (1973).

to this unnecessary strain.[4] Therefore, the investigating officer should have recused himself from the investigation. See *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979); *United States v. Durr*, 47 C.M.R. 622 (A.F. C.M.R.1973).

 Since the investigating officer had determined the culpability of the accused before the accused appeared before him or presented evidence in his own behalf, we find specific prejudice to the accused.

Accordingly, the findings of guilty and the sentence are set aside. The accused is entitled to a new Article 32 investigation, following which a rehearing may be ordered.

EARLY, Chief Judge, and KASTL, Judge, concur.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

DECISION UPON RECONSIDERATION

PER CURIAM:

In our original decision, *United States v. Natalello*, 10 M.J. 594 (A.F.C.M.R.1980), we set aside the findings of guilty and the sentence on the ground that the accused had been denied his right to an impartial investigation under Article 32, Uniform Code of Military Justice. The Government timely filed a motion of reconsideration which we granted on 9 September 1980. After due consideration of the briefs of counsel and the record as a whole, we adhere to our original decision. A rehearing is ordered.

UNITED STATES

---

4. The investigating officer appointed in this case was a judge advocate, but not a military judge.