**UNITED STATES, Appellee,**

v.

**Private (E–1) Barry L. STALLARD, SSN 570–55–5315, United States Army, Appellant.**

**CM 442621.**

U. S. Army Court of Military Review.

12 Nov. 1982.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, and Captain James A. McAtamney, JAGC, were the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

**934**

OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of absence without leave and larceny of currency and jewelry worth about $12,300.00, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for two years and six months and total forfeitures. In compliance with a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for eighteen months and total forfeitures.

In an unsworn statement after findings, the appellant stated that he had been convicted by a civilian court of possession of stolen property, and sentenced to ninety days in jail and three years probation. The civilian conviction and the larceny charge before the court-martial were based on the same acts. He further stated that he was credited with sixty days which he had already served and was released to the military authorities immediately after his civilian conviction.

Army Regulation 27–10, *Legal Services— Military Justice,* (26 November 1968), paragraph 6–2 [hereafter cited as AR 27–10], provides that "[a] person subject to the Uniform Code of Military Justice who has been tried in a civil court *normally* will not be tried by court-martial or punished under the Uniform Code of Military Justice, Article 15, for the same act or acts over which the civil court has exercised jurisdiction." (Emphasis in original.) Paragraph 6–3 of AR 27–10 further provides that officers exercising general court-martial jurisdiction may authorize disposition of the case by court-martial or non-judicial punishment, notwithstanding the previous civil trial for the same acts, "upon a personal determination that authorized administrative action alone is inadequate and that punitive action is essential to maintain discipline in the

command . . . ." Subordinate commanders are required to provide the general court-martial convening authority with a "full written report" in order to enable him to make the personal determination required by the regulation. AR 27–10 implements paragraph 215b of the Manual for Courts-Martial, United States, 1969 (Revised edition), which authorizes the Secretary of a military department to limit the authority of convening authorities to try an accused by court-martial for acts over which a state or foreign court has exercised criminal jurisdiction.*

The issues in this case are: (1) whether the referral of the larceny charge to a general court-martial was defective because of a failure to comply with AR 27–10; (2) if the referral was defective, whether the defect was jurisdictional; and (3) if the defect was not jurisdictional whether it was waived. We hold that the referral was defective but that the defect was nonjurisdictional. We hold further that the defect was waived by the appellant's guilty plea and by the trial defense counsel's failure to raise the issue prior to pleas.

■ The appellant's conviction by the civil authorities does not constitute former jeopardy in the sense of Article 44(a) of the Code, 10 U.S.C. § 844(a) (1976), or paragraph 215b of the Manual for Courts-Martial. It is clear from the language of AR 27–10 that the authority of the convening authority in this case, who is empowered to convene general courts-martial by Article 22(a)(3), Uniform Code of Military Justice, 10 U.S.C. § 822(a)(3) (1976), was not removed or limited by that regulation.

■ However, the convening authority's exercise of his authority in this case was defective. The allied papers include a military police report which states that on 18 January 1982 the appellant was convicted of "possession of stolen property" and sentenced to confinement for eighty-eight days and that he was released to the mili-

* Subsequent to appellant's trial, the regulation was revised. Chapter 4 of Army Regulation 27–10, Legal Services—Military Justice (1 Sep-

tember 1982), currently in effect, is substantially the same as Chapter 6 of the previous version of Army Regulation 27–10.

tary police on the same day, having received credit for time served and good conduct time sufficient to allow his immediate release. However, neither the pretrial advice nor the forwarding indorsements mention the appellant's civil conviction. There is nothing in the record indicating that the convening authority was made aware of the civilian conviction prior to trial, leading us to believe that the personal determination contemplated by paragraph 6–3 of AR 27–10 may not have been made. Accordingly, we conclude that the referral was procedurally defective. However, since AR 27–10 does not divest general court-martial convening authorities of the basic statutory power to convene courts-martial, we conclude that the defect was not jurisdictional. We believe that the defect in this case is analogous to an omission in the pretrial advice, since it amounts to a failure to provide the convening authority with information relevant to his decision to refer the case to a court-martial. The general rule in this regard is that nonjurisdictional defects are waived by a plea of guilty. *United States v. Hood,* 9 U.S.C.M.A. 558, 26 C.M.R. 338 (1958); *United States v. Rehorn,* 9 U.S.C.M.A. 487, 26 C.M.R. 267 (1958). Furthermore, defects in a pretrial advice normally are waived by a failure to raise the issue prior to pleas. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 67*b; United States v. Heaney,* 9 U.S.C.M.A. 6, 8, 25 C.M.R. 268, 270 (1958); *United States v. Allen,* 5 U.S.C.M.A. 626, 635, 18 C.M.R. 250, 259 (1955). Accordingly, since the trial defense counsel did not raise the issue and the appellant pleaded guilty, we hold that the defects in the referral were waived.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.