**UNITED STATES**

v.

**Captain Robert J. BRAUCHLER, 124–34–4896 FR United States Air Force.**

**ACM 23667.**

U. S. Air Force Court of Military Review.

Sentences Adjudged 9 July 1982.

Decided 16 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H. Lamb and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused was an environmental health nurse assigned to the base hospital. His conduct with female enlisted staff members and behavior with female patients under the guise of conducting authorized medical examinations resulted in his trial by general court-martial. Pursuant to his pleas, he was convicted of multiple indecent acts and multiple indecent assaults, and, contrary to his pleas, of conduct unbecoming an officer, in violation of Articles 134 and 133, U.C. M.J., 10 U.S.C. §§ 934 and 933. The sentence extends to a dismissal, two years' confinement at hard labor, and forfeiture of all pay and allowances.

Appellate counsel have asserted nine assignments of error. Except as discussed below, we resolve these errors adversely to the accused.

I

In the Specification of Charge II, the accused is alleged to have conducted himself in a manner unbecoming an officer,

i.e., by "taking indecent liberties"[1] with female enlisted subordinates. The accused argues that the military judge erred when he failed to instruct the court as to the meaning of "indecent liberties."

We agree. When a definition of terms is required for a proper understanding of the issues involved, it is the responsibility of the trial judge to instruct the military jurors. As Judge Kilday stated in *United States v. Sanders,* 14 U.S.C.M.A. 524, 34 C.M.R. 304, 311 (1964):

Absent a clear and unconfusing explanation, "of what value is an open mind, if ... [the jury] does not know, with clear delineation, the issue upon which it is to pass judgment?" (citations omitted).

The court should have been instructed as to what the term "indecent liberties" meant. *See* Department of the Army Pamphlet 27–9 (May 1982), Military Judges' Bench Book, para. 3–159. Accordingly, the finding of guilty of the Specification of Charge II is set aside. In the interests of judicial economy, the Specification of Charge II and Charge II are dismissed.

## II

■ The accused contests jurisdiction over the offense occurring in January 1981 i.e. indecent acts with another. Citing *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), he maintains the required "service connection" is lacking because the alleged offense took place off base while both he and the victim were on their lunch hour. The record established that both the accused and the enlisted woman involved worked in the base hospital. While at work he asked that she accompany him off base for lunch. Using her car they drove off base and parked approximately five feet outside the perimeter fence to "watch the aircraft land;" it was here the incident took place.

The trial judge found that military jurisdiction existed and we concur in that ruling. As we stated in *United States v. Lowery,* 13 M.J. 961 (A.F.C.M.R.1982);

The locus of an offense off base does not necessarily preclude jurisdiction. *United States v. Lampani,* 11 M.J. 632 (A.F.C.M.R.1981). An offense occurring off base may still be "service connected" if sufficient essential preliminary acts are accomplished on base. *United States v. Cornell,* 9 M.J. 98 (C.M.A.1980); *United States v. Strangstalien,* 7 M.J. 225 (C.M.A.1979); *United States v. Carr,* 7 M.J. 339 (C.M.A.1979); *United States v. Self,* 5 M.J. 551 (A.F.C.M.R.1978); *United States v. Eggleston,* 6 M.J. 600 (A.C.M.R.1978); *United States v. Stone,* 6 M.J. 686 (N.C. M.R.1978).

The initial contact occurred on base, on duty and was the direct result of a military superior-subordinate relationship. We find it meaningful that both parties were assigned to the same unit and were in uniform when the incident occurred. In our view the incident constituted a significant threat to the maintenance of good order and discipline. The military judge's ruling that the distinct military interest could only be properly vindicated at a court-martial was fully justified.[2] *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *United States v. Lampani, supra, United States v. Stewart,* 1 M.J. 750

---

1. The specification is worded:

In that Captain Robert J. Brauchler, United States Air Force, ... did ... at divers times in 1981, wrongfully fraternize with and behave with indecorum toward Staff Sergeant C.L.N., Senior Airman C.A.S., and Sergeant B.L.C., then all enlisted members of the United States Air Force subordinate to the [accused] by taking indecent liberties with them at his place of duty, while he was on duty and in military uniform.

Where the gravamen of the offense under Article 133 is behavior prohibited elsewhere in the U.C.M.J. the better practice would be to allege the act or acts that constitute the offense. *See* A6–23, Form 159, M.C.M., 1969 (Rev.); *see* paras 3–123, 3–124, and 3–125, Department of the Army Pamphlet 27–9 (May 1982), Military Judge's Bench Book; *see also, United States v. Jefferson,* 14 M.J. 806 (A.C.M.R.1982).

2. This was one of eight similar offenses involving the accused, and the only one occurring off base. Judicial economy suggests that a single proceeding should decide the issues. *United States v. Lampani,* 11 M.J. 632 (A.F.C.M.R. 1981).

(A.F.C.M.R.1975); *United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983).

## III

■ Citing *United States v. Dean,* 13 M.J. 676 (A.F.C.M.R.1982), the accused contends he was prejudiced because of *ex parte* communications between members of the prosecution and the military judge who refused to recuse himself. At the outset we observe that a trial judge has as much obligation not to recuse himself where there is no occasion to do so, as to recuse himself when such occasion exists. *United States v. Reed,* 2 M.J. 972 (A.C.M.R.1976).

■ In *Dean, supra,* we held that the trial judge erred when he held a hearing and questioned a witness without all parties being present. That is not the situation under review. Here, the trial judge acknowledged he had spoken briefly with either the trial counsel or his assistant several times, but indicated the conversations dealt with the scheduling of the trial.[3] Defense counsel at trial and again on appeal assert that the judge's disclosures go beyond mere scheduling procedures and assisted the Government in its handling of the case. He maintained the judge discussed the substance of pending motions and gave anticipated rulings.

Our careful scrutiny of the entire record convinces us the accused suffered no prejudice from the *ex parte* conversations. We find no advantage to the Government or detriment to the defense as a result of the discussions between the trial judge and government counsel. See generally, *United States v. Gardner,* 46 C.M.R. 1025 (A.C.M.R. 1972). We affirm our position in *Dean, supra,* that "appearance of impropriety is itself to be avoided;" however, we see nothing improper in a trial judge discussing with either counsel when a case is to be docketed. We are confident that judges will be as circumspect with counsel in the future as they have been in the past in the scheduling of trials.

## IV

■ Finally, the accused maintains he was denied military due process by the actions of the base staff judge advocate. He alleges this individual intimidated potential defense witnesses, became a *de facto* member of the prosecution, and because of his antagonism toward him, attempted to curtail the appointed defense counsel's pretrial preparation.

Assuming, *arguendo,* first, that a due process violation occurred, and second, the issue survived the accused's guilty plea,[4] we find sufficient evidence to resolve this issue against the accused.

In *Cooke v. Orser,* 12 M.J. 335 (C.M.A. 1982), the Court of Military Appeals addressed the circumstances requiring relief as the result of due process violations. Judge Fletcher, citing *United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), stated remedial action is not required:

> [A]bsent *demonstrable prejudice, or substantial threat thereof,* dismissal of the indictment is *plainly inappropriate,* even though the violation [of the fifth amendment] may have been deliberate. (citations omitted) (emphasis supplied).

The record fails to establish that any government activity, deliberate or otherwise, operated to the accused's prejudice. In his argument seeking dismissal of the charges, individual defense counsel ac-

---

**3.** We take judicial notice that Air Force military judges sit on trials at widely scattered installations located sometimes a thousand miles from the circuit office. Under these circumstances a trial judge's concern for docket management is understandable.

**4.** There is a considerable body of law that suggests that an accused, by a plea of guilty, abandons his claim that he was denied due process in cases that do not result in a manifest miscarriage of justice. *United States v. Joseph,* 11 M.J. 333 (C.M.A.1981); *United States v. Lopez,* 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970); *United States v. Henry,* 50 C.M.R. 685 (A.F.C.M.R.1975); *United States v. Stallard,* 14 M.J. 933 (A.C.M.R.1982); *Larios-Mendez v. Immigration and Naturalization Service,* 597 F.2d 144 (9th Cir.1979); *United States v. Jackson,* 659 F.2d 73 (5th Cir.1981); *contra United States v. Griffin,* 1 M.J. 884 (A.F.C.M.R.1976).

knowledged there was not a single thing he could point to and say "This is specifically an example of the manner in which the defense was deprived of military due process." He contended, however, that the sum total of the government's conduct was reprehensible and denied the accused military due process. Appointed military counsel testified that he received "minimum cooperation" in pretrial discovery matters, and some requests were summarily denied and called "specious." He also asserted the government inhibited his pretrial investigation.

Our examination of the record convinces us that no basis exists in law or fact to overturn the accused's conviction which was based on a provident plea of guilty. The motion to dismiss was properly denied.

The remaining findings of guilty are affirmed. We will reassess the sentence in light of the dismissed specification, the offenses affirmed and the entire record. *See United States v. Giordano,* 15 U.S.C.M.A. 163, 35 C.M.R. 135 (1964). Having done so, we find the sentence nonetheless appropriate and it is

AFFIRMED.

HEMINGWAY, Senior Judge and MILLER, Judge, concur.