**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Joseph P. COVE**
**Fireman Apprentice (E-2), U.S. Coast Guard**

**CGCMS 24378**

**Docket No. 1290**

**February 5, 2009**

Special Court-Martial convened by Commander, Coast Guard Sector New York. Tried at New York, New York, on 5 April 2007.

| | |
|---|---|
| Military Judge: | CDR Timothy G. Stueve, USCG |
| Trial Counsel: | LT Lisa M. LaPerle, USCGR |
| Detailed Defense Counsel: | LTJG Timothy Pasken, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| Assistant Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

**BEFORE**
**McCLELLAND, LODGE & McGUIRE**
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); and one specification each of wrongful use of marijuana, wrongful use of cocaine, wrongful distribution of marijuana, wrongful distribution of cocaine, and wrongful introduction of marijuana onto a military installation, all in violation of Article 112a, UCMJ. The military judge sentenced Appellant to confinement for four months, reduction to E-1, and a bad-conduct discharge. Pursuant to the terms of the pretrial agreement, the Convening Authority approved the sentence as adjudged and suspended all confinement in excess of ninety days until 19 December 2007.

Before this court, Appellant asserts two errors:

I.       Appellant's guilty plea to the sole specification of the additional charge was improvident because the military judge failed to elicit facts sufficient to uphold a guilty plea.

II.      Appellant should be given credit for his pre-trial restriction because it was tantamount to confinement, and because a command representative informed him he would receive confinement credit for his time spent on restriction.

Finding no error, we affirm.

**Providence of Plea to Cocaine Use**

Appellant pled guilty to wrongful use of cocaine between 1 May 2006 and 25 January 2007.  Appellant testified during the providence inquiry that he failed a hair test, that is, his hair tested positive for cocaine, in approximately January 2007.  This led him to believe that he had used cocaine.  (R. at 84-85, 89.)  He testified that there was an occasion, in May 2006, when he smoked some marijuana and had effects that led him to believe the marijuana contained cocaine.  (R. at 86.)  He admitted that his use of marijuana on that occasion was knowing and wrongful.  (R. at 87.)  The military judge had already explained that if he knowingly used a contraband substance such as marijuana that was in fact marijuana laced with cocaine, he had sufficient knowledge to be found guilty of cocaine use.  (R. at 83.)  Ultimately, he acknowledged he believed and admitted that between 1 May 2006 and 25 January 2007, he had wrongfully used cocaine.  (R. at 93-94.)

Appellant now argues that the January 2007 hair test could not have resulted from cocaine use in May 2006, and therefore his plea was improvident.  If this were a contested case, Appellant's argument might be convincing to induce reasonable doubt in the factfinder.  However, in a guilty plea case, sufficiency of the evidence is not at issue, except insofar as our Article 66, UCMJ responsibility calls for us to consider it.

The standard of review for determining if a guilty plea is provident is whether the record presents a substantial basis in law and fact for questioning it.  *United States v. Prater*, 32 M.J.

433, 436 (C.M.A. 1991). The record must contain a sufficient factual basis to support the plea. Rule for Courts-Martial (R.C.M.) 910(e), Manual for Courts-Martial, United States (2005 ed.). And the accused must believe and admit every element of the offense. *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion). Further, if an accused sets up matter inconsistent with the plea, the military judge must resolve the inconsistency or reject the plea. Article 45(a), UCMJ; *see* R.C.M. 910(h)(2).

Appellant acknowledged that he believed and admitted his guilt. He described an occasion that served as a factual basis. We need not parse Appellant's logic; an accused is not required to set forth his thought process leading him to admit guilt. Suffice it to say that we do not consider his statements internally inconsistent or inconsistent with guilt. We find no substantial basis for questioning his plea.

## Credit for Pretrial Restriction

Appellant moved before pleas for a ruling that his pretrial restriction was tantamount to confinement. The military judge denied the motion, finding that the restriction was not tantamount to confinement. (R. at 34-35.) Later, during the providence inquiry, the military judge asked Appellant if he understood that by pleading guilty, he waived the right to appeal that ruling. Appellant responded in the affirmative. (R. at 95.) Without acknowledging that apparent waiver, Appellant now urges us to find that the restriction imposed upon him was tantamount to confinement, noting that this question is to be reviewed *de novo*.

There is little law under the UCMJ providing a basis for the military judge's question. R.C.M. 910(j) provides, "Except [for a conditional plea], a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made." Plainly, the question of credit for pretrial restriction does not relate to the factual issue of guilt.

However, there are old cases providing a basis for a broader principle. "It is a fundamental principle of Federal criminal law that a plea of guilty waives all defects which are neither jurisdictional nor a deprivation of due process of law." *United States v. Rehorn*, 9

USCMA 487, 488-89, 26 C.M.R. 267, 268-69 (1958) (citing cases in the federal courts and a hornbook). "[A guilty plea] waives all nonjurisdictional defects in all earlier stages of the proceedings against an accused." *United States v. Lopez*, 20 USCMA 76, 42 C.M.R. 268, 270 (1970) (citing cases in the federal courts). *Rehorn* and *Lopez* deal with asserted defects in the Article 32, UCMJ investigations that preceded trial.

Notwithstanding the possibility suggested by the sweeping language of these cases, that the instant issue might be waived by a guilty plea, there is later case law entertaining pretrial confinement issues in guilty plea cases where the issues weren't raised at trial at all. Only in 2003 did the Court of Appeals for the Armed Forces hold that "in the future, failure at trial to raise the issue of pretrial restriction tantamount to confinement waives that issue for purposes of appellate review in the absence of plain error." *United States v. King*, 58 M.J. 110, 111 (C.A.A.F. 2003). This seems to imply that raising the issue at trial carries with it the right of appellate review.

Considered on its own merits, there is no compelling reason for a guilty plea to waive review of a ruling on a motion concerning pretrial restraint. Whereas a guilty plea logically implies concession of all issues relating to the factual issue of guilt, as R.C.M. 910(j) provides, there is nothing inherently inconsistent about pleading guilty while asserting a right to credit for pretrial restraint. Accordingly, we do not consider this issue waived despite the waiver colloquy at trial.

The military judge's findings of fact (R. at 34) are supported by the record, but they are sketchy and do not convey the full picture. We have therefore examined the evidence in the record, both testimony (R. at 13-28) and exhibits (Appellate Ex. VI-VIII), as well as a map of the base found in Appendix A to Appellant's Assignment of Errors and Brief, in considering this issue. There is no significant conflict in the evidence. Upon consideration of the facts in light of *United States v. King*, *supra*, and *United States v. Holz*, 59 M.J. 926 (C.G.Ct.Crim.App. 2004), we find that Appellant's restriction was not tantamount to confinement.

Concerning the other asserted basis for credit, Appellant also acknowledged that his agreement with the convening authority did not include credit for pretrial restriction notwithstanding having been told when the restriction began that he would receive one day of confinement credit for every two days of restriction.  (R. at 102-03.)  We know of no basis for entitlement to credit against a sentence for pretrial restriction.[1]  Therefore, we reject the second issue.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Ryan M. Gray
Clerk of the Court

---

[1] It is true that one day of confinement is considered equivalent to two days of restriction for sentencing purposes. R.C.M. 1003(b)(5); Coast Guard Military Justice Manual, COMDTINST M5810.1D, paragraph 2.F.2.h.  However, this does not mean credit for pretrial restriction is due against a sentence.  *See King*, 58 M.J. at 113 n.2.