**UNITED STATES, Appellee,**

v.

**Staff Sergeant Robert P. EGGLESTON, SSN 353–30–1823, United States Army, Appellant.**

**CM 433631.**

U. S. Army Court of Military Review.

26 Oct. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Larry C. Schafer, JAGC, and Major Benjamin A. Sims, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major David McNeill, Jr., JAGC, and Captain Landon P. Snell, III, JAGC, were on the pleadings for appellee.

1. Charged under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

2. Appellant's contention that the standard of proof on the jurisdiction issue is proof beyond a reasonable doubt is incorrect. As this is not a military type offense and does not involve a

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

This case is again before us for review after a "limited rehearing on the question of jurisdiction" was held at the direction of the United States Court of Military Appeals. *United States v. Eggleston*, 4 M.J. 88 (C.M.A.1977). The appellant was convicted initially of two specifications of distributing LSD.[1] This Court affirmed. 2 M.J. 1066 (A.C.M.R.1976). The United States Court of Military Appeals vacated our decision in ordering the limited rehearing. At the limited rehearing, the military judge dismissed one of the specifications for lack of jurisdiction but found jurisdiction in the other and made special findings as to his basis for service connection.

The appellant before us argues that jurisdiction over the remaining offense was not established beyond a reasonable doubt and that the convening authority failed to approve or disapprove the findings of the military judge. We disagree with both contentions.

The military judge made detailed special findings as to all factors that must be evaluated in determining the jurisdiction issue. His findings were supported overwhelmingly by the evidence. All negotiations occurred on post during duty hours in the company area among soldiers of the same unit. No negotiations or arrangements occurred off post except the transfer itself. We think the latter insufficient to overcome the factors weighing in favor of the Government's interest. We find, as did the military judge, service connection and, therefore, jurisdiction over the offense.[2]

factual dispute as to the place or date of the offense, the proper standard is preponderance of the evidence. Cf. *United States v. Ornelas*, 2 U.S.C.M.A. 96, 6 C.M.R. 96 (1952); *United States v. Jessie*, 5 M.J. 573 (A.C.M.R.1976).

**602**

With regard to the allegation of the convening authority's failure to approve or disapprove the findings, the convening authority did precisely what he was directed to do in the order of the United States Court of Military Appeals. He ordered a limited rehearing and then forwarded the record of that hearing to this Court. Even though there is no requirement for a staff judge advocate review (Article 61, U.C.M.J., 10 U.S.C. § 861) or an action by the convening authority (Article 64, U.C.M.J., 10 U.S.C. § 864) in this situation, the staff judge advocate in fact reviewed the record of the limited rehearing and submitted his comments and recommendation to the convening authority who acted upon them. The staff judge advocate also submitted a copy of the review and the record of trial to the trial defense counsel for his rebuttal. The rights of the appellant were protected in every way.

The findings of guilty and the sentence are affirmed.

Judge DeFORD and Judge LEWIS concur.