98

UNITED STATES, Appellee,

v.

John R. CORNELL, Specialist Four, U. S. Army, Appellant.

No. 35,375.

SPCM 12783.

U. S. Court of Military Appeals.

July 14, 1980.

For Appellant: *Captain Kevin E. O'Brien* (argued); *Colonel Robert B. Clarke; Major Benjamin A. Sims; Captain D. David Hostler; Captain Lawrence M. Fuchs* (on brief); *Colonel Edward S. Adamkewicz, Jr.; Lieutenant Colonel John F. Lymburner; Captain James J. Parwulski.*

For Appellee: *Captain Jack M. Hartman* (argued); *Colonel Thomas H. Davis; Lieutenant Colonel R. R. Boller; Captain Douglas P. Franklin; Captain Charles A. Cosgrove* (on brief); *Major Michael B. Kennett; Captain Brian X. Bush.*

## OPINION OF THE COURT

COOK, Judge:

In accordance with his pleas, appellant stands convicted, by a military judge sitting as a special court-martial, of the transfer of phencyclidine and the sale of marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. We granted review to determine whether court-martial jurisdiction was properly exercised over the charge involving the sale of marihuana.*

Appellant asserted at trial that the offense was not service connected; thus, the court-martial had no jurisdiction over it. *See Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The Government presented evidence which reflects that a military undercover agent telephoned the appellant at his military unit during duty hours and attempted to purchase a large quantity of marihuana; appellant responded that he could not obtain a large quantity at that time. Appellant did agree to sell the agent a couple of "bags" and he suggested that they meet at "Elaine's Cafe" to complete the transaction. This establishment was described as being "[j]ust South of Gate Three at Fort Campbell, Kentucky." Pursuant to these arrangements, the undercover agent proceeded to the establishment in question. He was accompanied by another military undercover agent, and both were dressed in civilian clothes. Upon meeting the appellant, the agents told appellant that they were members of two military units located at Fort Campbell. Appellant then sold them two bags of marihuana for $40. Based upon the aforementioned evidence, the military judge decided

---

*The remaining offense occurred entirely on a military post, and no jurisdictional question is

the jurisdictional issue against appellant. We agree with this determination.

Here the underlying negotiations occurred on post. We have previously noted the significance of this factor as justification for the exercise of military jurisdiction over a transaction involving prohibited substances. *United States v. Carr*, 7 M.J. 339 (C.M.A.1979); *United States v. Strangstal-ien*, 7 M.J. 225 (C.M.A.1979); *United States v. Sandy*, 4 M.J. 102 (C.M.A.1977); *see United States v. Alef*, 3 M.J. 414, 418 n. 12 (C.M.A.1977).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER, concur.