UNITED STATES

v.

**Airman Basic Timothy P. HARDEN, FR 265–55–8674 United States Air Force.**

**ACM 23463.**

U. S. Air Force Court of Military Review.

13 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the Government: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston and Major Michael J. Hoover.

Before KASTL, HEMINGWAY and RAICHLE, Appellate Military Judges.

---

## DECISION

HEMINGWAY, Judge:

In a general court-martial, tried before military judge alone, the accused was convicted, contrary to his pleas, of larceny, conspiracy, forgery and receiving stolen property, in violation of Articles 121, 81, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 881, 923, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for three years and forfeiture of all pay and allowances.

The accused asserts error in the admission of testimony by a handwriting expert, lack of subject matter jurisdiction over a forgery offense, and the disparity of his sentence when compared to that of his co-actor. We find no error.

■ The government called as a witness a questioned documents examiner to prove the accused had written the checks which were the subject of the forgery specifications. The document examiner had been furnished with samples of the accused's signature from his personnel records and exemplars that were prepared by the accused at the direction of his commander. The military judge ruled the exemplars provided by the accused had been improperly obtained because the commander failed to give the accused any warning under the provisions of Article 31, UCMJ, 10 U.S.C. § 831, prior to requesting the handwriting samples. The judge then directed the documents examiner to base his opinion on a review of only those handwriting specimens which had been obtained without compulsion of the accused. The witness agreed to provide such an opinion but admitted some difficulty in totally disregarding the excluded exemplars. The accused contends that it was error to permit this examiner to continue his testimony after admitting a potential lack of objectivity. We disagree.*

---

* We would have found no error had the military judge not excluded the commander-directed exemplars. There is no requirement for an Article 31 warning before requesting a suspect to give handwriting samples for comparison purposes. *United States v. Lloyd,* 10 M.J. 172 (C.M.A.1981). Consequently, the accused was not prejudiced by the document examiner's testimony even if he was unable to totally disregard the excluded exemplars.

**600**

The witness testified that he was able to maintain total objectivity concerning the dollar line entries on the checks to which his testimony related, and he expressed no opinion as to the questioned signatures. He also stated that his opinion following reexamination of the prosecution exhibits was much more conservative than it had been when he had all the exemplars available. The weight to be given this testimony is to be decided by the trier of fact. *United States v. Collier,* 1 M.J. 358 (C.M.A.1976); *United States v. Lecappelain,* 9 M.J. 562 (A.F.C.M.R.1980). We find no error in permitting the witness to continue his testimony.

▮ The accused challenges subject matter jurisdiction over a forgery specification that alleges he falsely altered a money order at Atwater, California, by changing the name of the payee and then forging a signature in the indorsement to match the altered payee. The military judge entered the following findings:

(1) the money order was stolen from another service member, and the indirect victim of this forgery lived on-base—that is the alleged victim lived on-base; (2) the theft of the money order was facilitated by the accused's military duty in both discovering the presence of the money order and having access to the dormitory room and in having access to the keys used to enter the room; (3) the identification card was wrongfully received from another service member on base, and had previously been stolen from a service member who lived in the dormitory; (4) the identification card was solely used to facilitate and effectuate the successful forgery, in that it was both used as a model for the forged signature and was used to cash the money order at an off-base bank; and (5) the accused formed the intent on-base and in fact, accomplished the necessary steps on base, such as altering the payee and borrowing the car; (6) the accused gave, in support of his identification, an on-base address and an on-base duty organization to the cashier of the money order, thus facilitat-

ing the cashing of the check; (7) the bank at which the money order was cashed was located in an immediately adjacent community to the base, thereby jeopardizing Air Force/community relations.

The findings are supported by the record and we agree that the court had jurisdiction. An offense which culminates outside a military installation may still fall within military jurisdiction if sufficient parts of the criminal scheme or conduct occur within the installation. *United States v. Cornell,* 9 M.J. 98 (C.M.A.1980); *United States v. Strangstalien,* 7 M.J. 225 (C.M.A.1979); *United States v. Carr,* 7 M.J. 339 (C.M.A. 1979); *United States v. Lowery,* 13 M.J. 961 (A.F.C.M.R.1982); *United States v. Lampani,* 11 M.J. 632 (A.F.C.M.R.1981); *United States v. Self,* 5 M.J. 551 (A.F.C.M.R.1978); *United States v. Eggleston,* 6 M.J. 600 (A.C. M.R.1978); *United States v. Stone,* 6 M.J. 686 (N.C.M.R.1978).

▮ The accused has additionally asserted that his sentence is too severe when compared to the sentence received by his co-actor. His co-actor was sentenced to a bad conduct discharge, confinement at hard labor for one year and one day and forfeiture of all pay and allowances. This Court will compare sentences when there is a direct relationship between both accused and offenses, and highly disparate approved sentences. *United States v. Kent,* 9 M.J. 836 (A.F.C.M.R.1980); *United States v. Coldiron,* 9 M.J. 900 (A.F.C.M.R.1980); *United States v. London,* 9 M.J. 905 (A.F.C.M.R. 1980). In this case we note that the accused was also convicted of several offenses not involving his co-conspirator. Furthermore, the accused herein had a prior conviction for larceny. Since the accused, following a period of incarceration for theft, retained a propensity to commit crimes involving moral turpitude, the sentence, although disparate, is appropriate.

We have considered the remaining assignments of error and resolved them adversely to the accused. Accordingly, the findings of guilty and sentence are

AFFIRMED.

RAICHLE, Judge, concurs.

KASTL, Senior Judge (concurring in the result):

I agree with the excellently-written opinion, but disassociate myself from the footnote approving command-directed handwriting samples under authority of *United States v. Lloyd,* 10 M.J. 172 (C.M.A.1981). I do not believe the Court of Military Appeals has yet definitively ruled that a suspect may be compelled to produce handwriting exemplars without benefit of Article 31 advice. See the concurring opinion of Judge Cook, with whom Judge Fletcher joins, in *United States v. Armstrong,* 9 M.J. 374, 384 (C.M.A.1980).