**UNITED STATES**

v.

**Airman Basic Charles B. THOMPSON, FR 158–60–2214, United States Air Force.**

**ACM S25621.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 March 1982.

Decided 24 Sept. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr., and Major George D. Cato.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused was convicted of multiple forgery allegations. The Government's case rests principally on the testimony of a questioned documents examiner who testified the accused was the author of the forged instruments in question. The paramount issue before us is whether the military judge erred in allowing the accused's handwriting exemplars to be used for analysis after it was established they were obtained without a warning under Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831.

The accused concedes that *United States v. Lloyd,* 10 M.J. 172 (C.M.A.1981), and *United States v. Armstrong,* 9 M.J. 374 (C.M.A.1980), contain *dicta* which suggest that an Article 31 warning is no longer required prior to requesting handwriting exemplars. He argues, however, that *United States v. Rosato,* 3 U.S.C.M.A. 143, 11 C.M.R. 143 (1953), and *United States v. Minnifield,* 9 U.S.C.M.A. 373, 26 C.M.R. 153 (1958), reflect the present law and require that a military accused be advised of Article 31, before handwriting exemplars can be obtained.

In *United States v. Minnifield, supra,* the Court of Military Appeals held that an accused's handwriting exemplar is the equivalent to a statement as that term is used in Article 31. Therefore, an Article 31 warning is required prior to the "statement" being admissible. However, the recently enacted Military Rules of Evidence call this requirement into question. Mil.R.Evid. 301(a) states that the privileges against self-incrimination provided by the Fifth Amendment and Article 31 are applicable only to evidence of a *testimonial or communicative nature.* This parallels the federal rule that compelling a suspect to make a handwriting exemplar does not violate the Fifth Amendment as a handwriting sample is not a "communication." *Lewis v. United States,* 382 F.2d 817 (C.A.D.C.1967); *cert. denied* 389 U.S. 962, 88 S.Ct. 350, 19 L.Ed.2d 377 (1967); *United States v. Wolfish,* 525 F.2d 457 (2d Cir. 1975); *United States v. Lincoln,* 494 F.2d 833 (9th Cir. 1974); *United States v. Hopkins,* 486 F.2d 360 (9th Cir. 1973).

In *United States v. McDonald,* 9 M.J. 81 (C.M.A.1981), the Court of Military Appeals refused to find that a right to counsel existed with respect to handwriting exemplars which a Secret Service agent obtained from a service member who was in confinement at the time. They indicated the words "interrogate" and "statement" in Article 31(b) do not suggest that Congress meant to require that a warning be given before an investigator obtained evidence from a suspect which would not constitute a communication by that suspect.

Subsequently, the Court stated in *United States v. Armstrong, supra,* that an Article 31 warning does not apply to requests that a suspect submit to a blood test.

The *McDonald* and *Armstrong* decisions clearly suggest that the Court was taking a new look at interpreting the intent of Congress regarding the application of Article 31. This review was crystallized in *United States v. Lloyd, supra,* when the Court stated that an Article 31 warning was not required prior to requesting an accused to produce a document containing his signature to be used for comparison purposes. Writing for himself and Judge Fletcher, Chief Judge Everett commented:

Like blood specimens, *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), *handwriting* and *voice exemplars* are not protected by the privilege against self-incrimination. (Emphasis supplied.) (Citations omitted.)

*Id.* at 174.

Judge Cook concurred in the result but observed that disposition of the case did not require a re-examination of the right of an accused under Article 31 of the Code to refuse a request to provide handwriting exemplars.

It is clear to us that the Court of Military Appeals has narrowed its previously broad interpretation of Article 31. In so doing it has concluded that a warning under Article 31 does not extend to handwriting exemplars. *See generally,* S. Saltzburg, L. Schniasi, and D. Schlueter, *Military Rules of Evidence Manual* 54, 59 (1981). Therefore, we deem it appropriate to follow the guidance given us in *United States v. Lloyd, supra,* until such time as the Court of Military Appeals further clarifies the law on this issue. *United States v. Lightfoot,* 23 C.M.R. 754 (A.F.B.R.1956); *aff'd* 7 U.S.C. M.A. 686, 23 C.M.R. 950 (1957). Accordingly, we hold that the military judge did not err in admitting the accused's handwriting exemplars into evidence. *United States v. Lloyd, supra; United States v. Harden,* 14 M.J. 598 (A.F.C.M.R.1982); *see United States v. Earle,* 12 M.J. 795 (N.M.C.M.R. 1981).

■ Finally, appellate defense counsel argue that the trial judge erred in allowing the squadron section commander to testify on the merits, over objection, as to what he was told concerning the accused's financial problems. Appellate counsel contend this was hearsay and not admissible under any exception. We agree. However, we find no fair risk of prejudice as the evidence of guilt is compelling. *United States v. Clark,* 12 M.J. 978 (A.F.C.M.R.1982); *United States v. Bowser,* 33 C.M.R. 844 (A.F.B.R. 1963); *United States v. White,* 31 C.M.R. 336 (A.B.R.1961); *pet. denied* 31 C.M.R. 314 (C.M.A.1961).

We have considered the remaining assigned error and have resolved it adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

MILLER, Judge, concurs.

POWELL, Senior Judge, absent.